IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID LEESON and LUCY LEESON,
individually and as Parents and Next-Friends
of NIAMH LEESON, a minor child and
RUBY LEESON, a minor child,

       Plaintiffs,

v.                                                                                  CV 19-0086 WJ/JHR

THE WRIGHT TRUCKING COMPANY
INC., a foreign corporation, DW EXPEDITING
INC., a foreign corporation, and
CHRISTOPHER PUERTO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' (sic) DW Expediting and Christopher Puerto's Emergency Motion for Protective Order [Doc. 34], filed October 22, 2019.[1] Plaintiffs' response brief was due November 5, 2019, but was not filed until November 15, 2019, seven days after the Court ordered the parties to file a notice of completion of briefing because the time for filing a response had elapsed. [*See* Docs. 38, 39]; *see also* D.N.M.LR-Civ. 7.4(a) (requiring a response to be filed within fourteen calendar days after service of the motion); D.N.M.LR-Civ. 7.1(b) (stating that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). In their reply brief, Defendants confirm the Court's suspicion that no extension to respond to the Motion was sought or granted. [*See* Doc. 44, p. 1]. For this reason alone, the Court could grant Defendants' Motion. *See Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (stating that Local Rules

---

[1] The Court notes that Defendants requested a hearing on their Motion. [*See* Doc. 47]. Because the issue raised by the Motion can be decided on the briefs, the Court will not hold oral argument. *See* D.N.M.LR-Civ. 7.6(a).

"have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in appropriate manner."); *see, e.g.*, *Yazzie v. Gurley Motor Co.*, CV 14-0555 JAP/SCY, 2015 WL 12868073, at *1 (D.N.M. June 10, 2015) (Yarbrough, Mag. J.) (unpublished) (applying Local Rule 7.1(b) to grant a motion).

The Court will not do so in this instance. The Court has the authority to waive the Local Rules, including the time limits they set forth, "to avoid injustice." D.N.M.LR-Civ. 1.7. The Local Rules encourage the Court to construe them "consistently with the Federal Rules of Civil Procedure[,]" D.N.M.LR-Civ. 1.4, which are themselves to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Additionally, "courts prefer to decide cases on their merits rather than technicalities[.]" *Ecologic Sols., LLC v. Bio-Tec Envtl., LLC*, CV 10-1220 JCH/LFG, 2011 WL 13289848, at *4 (D.N.M. Mar. 22, 2011) (Herrera, J.) (unpublished). Therefore, while Plaintiffs and their counsel are admonished to comply with the Local Rules, the Court will decide the Motion on its merits.

At issue in the Motion is whether Plaintiffs must travel to New Mexico to give their depositions in light of Plaintiffs' place of residence (the United Kingdom), Plaintiff Lucy Leeson's claimed injuries resulting from the crash underlying this case, and the electronic alternatives to in-person examination available to Defendants. While the general rule appears to be that nonresident plaintiffs ordinarily (and quite reasonably) submit to certain inconveniences, such as appearing for hearings, depositions and trial, in the district where they file suit, the rule is not without its exceptions. For the reasons that follow, the Court **denies** Defendants' Motion and orders them to at least attempt to coordinate and take Plaintiffs' depositions via videoconference.

## I. BACKGROUND

Plaintiffs filed their Complaint for Personal Injury [Doc. 1] on January 30, 2019.[2] Factually, they assert that on April 7, 2017, Defendant Puerto was driving eastbound through New Mexico on Interstate 40 when the tractor-trailer he was driving had a tire blow-out near mile marker 241. [Doc. 1, p. 3]. After the blow-out Defendant Puerto allegedly lost control of the tractor-trailer, swerved into the westbound lane, and crashed into the front of the 2016 Nissan operated by David Leeson and containing his wife, Lucy, and their children, Niamh and Ruby. [*Id.*]. "As a result of the collection (sic) [collision] Plaintiffs suffered serious bodily and emotional injuries[,]" resulting in "damages including, but not limited to their pain and suffering, past medical expenses, emotional distress, future medical expenses, future pain and suffering and lost wages for David Leeson and Lucy Leeson." [*Id.*]. Based on these facts, Plaintiffs bring negligence and negligence per se claims against all Defendants.[3]

Plaintiffs are domiciled in the United Kingdom. [Doc. 1, p. 1]. However, they filed suit in the United States, and venue is proper in this district, because the collision occurred in New Mexico. *See* 28 U.S.C. § 1391(b)(2) (2018). Despite this, "[o]n October 16, 2019, Plaintiffs'

---

[2] "Although [no] party has challenged [this Court's] jurisdiction … it has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoted authority omitted); *see also Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 593 (2004) ("[B]y whatever route a case arrives in federal court, it is the obligation of both district court and counsel to be alert to jurisdictional requirements.") (Ginsburg, J., dissenting). Plaintiffs' Complaint is silent as to the basis for this Court's jurisdiction over their claims. [*See* Doc. 1]. The Civil Coversheet Plaintiffs submitted asserts jurisdiction pursuant to 28 U.S.C. § 1332(d) (2018). [Doc. 1-1]. However, that portion of the diversity statute discusses federal jurisdiction over class action lawsuits. *See* 28 U.S.C. § 1332(d). Defendants do not clarify the matter in their answers, referring broadly to Section 1332 as the basis for this Court's diversity jurisdiction. [*See* Docs. 6, 11]. The Court has independently examined its jurisdiction over this case and finds that, assuming the truth of the allegations in the Complaint, it has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a).

[3] While Defendants DW Expediting, Inc. and Puerto answered and denied Plaintiffs' claims, Defendant Wright Trucking Company, Inc. ("Wright Trucking") did not. [*See* Doc. 30]. Chief District Judge Johnson has deferred ruling on Plaintiffs' Motion for Default Judgment against Wright Trucking [Doc. 24] until Plaintiffs have taken their case to trial against Defendants or have otherwise resolved the matter. [Doc. 30, p. 5].

[counsel] served Defendants with a Notice of Deposition for Plaintiff Lucy Leeson … to take place on October 24, 2019, in Manchester, United Kingdom, at 1:00 PM GMT, which is approximately 6:00 AM MST." [Doc. 34, p. 1]. Due to Plaintiffs' failure to coordinate the deposition with Defendants and serve timely notice under this Court's Local Rules, Defendants seek a protective order precluding Lucy's deposition. [*Id.*, pp. 1-2]. More precisely, Defendants seek an order requiring Plaintiffs, including Lucy, to travel to New Mexico for their depositions. [*Id.*, p. 2]. Defendants argue that they will be prejudiced if they are denied the opportunity to examine Lucy, and Plaintiffs generally, in person. [*Id.*].

Substantively, Plaintiffs respond that they should not be required to travel to New Mexico from their home in Manchester. [*See* Doc. 39]. They point out that the burden on Lucy, in particular, would be unwarranted because her "injures are serious enough that such travel will impose a significant physical burden on her." [*Id.*, p. 2]. Lucy apparently "suffered a burst fracture of her L1 vertebrae in the incident and underwent a seven-level fusion (T10-L4) and three-level laminectomy (T12-L2) operation as part of her acute treatment to avoid permanent paralysis." [*Id.*, pp. 2-3]. David and Lucy also argue that they cannot leave Niamh and Ruby, who are in school, for an extended period to travel to New Mexico for their depositions. [*Id.*]. Finally, Plaintiffs offer to cover the cost of the live video conference needed to secure their virtual depositions and point out that similar methods have already been used to depose five fact witnesses in this case, including a treating physician. [*Id.*, p. 2].

In their Reply, Defendants argue that Lucy is not as injured as Plaintiffs allege as, "according to the individuals already deposed in this matter, Ms. Leeson has traveled to Cyprus, Greece, twice, to the Cannery (sic?) Islands, along with other trips since the time of the accident." [Doc. 44, p. 1]. Defendants further counter Plaintiffs' reliance on the depositions already taken in

4

this case because, they assert, Lucy's deposition will require referring to documents (whereas none of the others apparently had to refer to documents during their depositions). [*Id.*, p. 2]. Defendants also point out that the time difference between New Mexico and Manchester makes coordinating depositions more difficult. [*Id.*]. Defendants conclude by pointing out that Plaintiffs chose to file in New Mexico and asserting that travel to the United Kingdom to take the depositions in person would be prejudicially expensive. [*Id.*]. Most importantly, Defendants posit that video depositions of Plaintiffs in this case will be "insufficient." [*Id.*].

**II.     ANALYSIS**

Federal Rule of Civil Procedure 30 governs depositions by oral examination. Pertinent here, Rule 30(b)(1) states that a notice of deposition must state the time and place of the deposition, the logical inference being that the party issuing the notice sets the date, time and location. *See* Fed. R. Civ. P. 30(b)(1); *see also* Federal Civil Rules Handbook, 852 (2020) ("For a party deponent, the noticing party may select any location for the deposition….") (citation omitted). Under this logic Plaintiffs, as the issuer of Lucy's deposition notice, have unilateral authority to set its location. However, parties (ordinarily through counsel) must stipulate to depositions and, at least in this district, confer in good faith as to their timing before serving the notice, which must precede the deposition by at least fourteen (14) days. *See* Fed. R. Civ. P. 30(a)(2)(A); D.N.M.LR-Civ. 30.1. Thus, in these circumstances, Defendants are entitled to an order vacating Lucy's deposition because Plaintiffs failed to confer in good faith as to its timing and served the notice within fourteen days of the deposition. Plaintiffs do not disagree with this result and vacated Lucy's deposition before it was held. [*See* Doc. 39, p. 1]. Of course, this does not end the parties' dispute.

Turning to the heart of the matter – whether Plaintiffs must travel to New Mexico to be deposed – the Court finds that Defendants are not entitled to the protective order they seek. The

5

Court is authorized to issue a protective order under Federal Rule of Civil Procedure 26(c), specifically Rule 26(c)(1)(B-C), which permits the Court to specify the terms for discovery (including the time and place and allocation of expenses), and to prescribe a discovery method other than the one selected by the party seeking discovery where the movant has shown that the proposed discovery will result in annoyance, embarrassment, oppression, or undue burden or expense. *See id.* However, the general rule is that plaintiffs will be required to travel to the district where the suit is pending for their depositions, whereas defendants can have their depositions taken where they work or live. Federal Civil Rules Handbook, 852 (citation omitted). Thus, there is a presumption in favor of requiring Plaintiffs to travel to New Mexico for their depositions.

There are exceptions to the general rule. *See, e.g.*, *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 589 (D. Kan. 2012). In *Shockey* the Kansas district court relied on the general rule to deny the out-of-state plaintiffs' motion to require the defendant to bear their travel costs if it insisted on taking the plaintiffs' depositions in Kansas. *See id.* at 601. However, the court found persuasive the plaintiffs' alternative request – to permit their depositions by videoconference. *See id.* at 601-602. The court reasoned that the cost of traveling to Kansas outweighed the value of the claims at issue, and that a deposition by videoconference would permit the defendant to observe the deponents' nonverbal responses and demeanor. *Id.* Additionally, the court pointed out – in 2012 – that depositions by video conference were becoming more routine and were in fact being encouraged in some other districts as a means to reduce travel costs and to permit the jury "to make credibility evaluations not available when a transcript is read by another." *Id.* at 602 (quoted authority omitted).

The Court finds *Shockey*'s reasoning to be sound. Moreover, it is rooted in the Federal Rules. As *Shockey* pointed out, Rule 30(b)(4) permits the parties to stipulate to a deposition by

telephone "or other remote means." Fed. R. Civ. P. 30(b)(4). The Rule also permits the Court to order a deposition to be held by remote means on motion by a party. *Id.* "Generally, leave to take depositions by remote means will be granted liberally." Federal Civil Rules Handbook, 855 (citation omitted).

In light of the foregoing, the Court grants Plaintiffs' request to be deposed by remote means, and orders Defendants to employ videoconference technology to take Plaintiffs depositions, at least initially. The Court is convinced that the nature of Lucy's injuries and the cost of travel to bring all four Plaintiffs back to New Mexico for their depositions present burdens that are not outweighed by Defendants' preference to observe Plaintiffs' demeanor in person. While Defendants' concerns about the extent of Lucy's claimed injuries are valid, the Court would be more sympathetic if Defendants were restricted to deposing Plaintiffs by telephone. Modern videoconferencing should alleviate most, if not all, of Defendants' concerns regarding Plaintiffs' posture, demeanor and nonverbal responses. Additionally, while the Court acknowledges that video depositions may be logistically more difficult, these difficulties can be cured fairly easily. For example, Defendants need only email the documents they wish to question Lucy about during her deposition and have her print the same prior to it, as they will be able to identify the document for Lucy and the record by holding it up to the camera. In sum, the Court rejects Defendants' position that a video deposition will be "insufficient." If, after their depositions, Defendants continue to have concerns about Plaintiffs' nonverbal responses and demeanor, they may return to court with a video of the deposition in hand for the Court to review and renew their request.

Plaintiffs, of course, will be required to bear the cost and burdens of coordinating and arranging the videoconference and court reporter in the United Kingdom (*see* Fed. R. Civ. P.

28(b)). The parties should also work cooperatively and in good faith to select a time and date that is mutually convenient.

### III. <u>ORDER</u>

In sum, the Court **denies** Defendants' Motion for a Protective Order [Doc. 34] because it finds that the burden of requiring Plaintiffs to travel from their home in the United Kingdom to New Mexico for their depositions is outweighed by the benefit obtainable via use of videoconference and other electronic means. The parties shall work in good faith to coordinate Plaintiffs' depositions in accordance with the provisions of this Order and the applicable Federal Rules. If Defendants continue to have concerns after the depositions, they may re-file their motion and submit a copy of the video recording at issue.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE